UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURIE M.,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. C21-5441-SKV<br><br>ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record ("AR"), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for a finding of disability under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1960, has a bachelor's degree in dental hygiene, and previously worked as a dental hygienist. AR 254. Plaintiff was last gainfully employed in March 2020. AR 54-56.

In July 2018, Plaintiff applied for benefits, alleging disability as of April 1, 2017. AR 198-99. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

ORDER REVERSING THE COMMISSIONER'S
DECISION - 1

requested a hearing. AR 96-98, 100-04. After the ALJ conducted a hearing in October 2020 (AR 49-71), the ALJ issued a decision finding Plaintiff not disabled. AR 36-44.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has worked since the alleged onset date, but that work has not risen to the level of substantial gainful activity since the alleged onset date.

**Step two**: Plaintiff has the following severe impairments: degenerative disc disease; arthritis in neck, back, and shoulders; left foot injury; and gastroesophageal reflux disease.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can lift/carry 20 pounds occasionally and 10 pounds frequently. She can stand/walk, with normal breaks, for six hours out of an eight-hour workday, and sit, with normal breaks, for six hours out of an eight-hour workday. She has unlimited ability to push/pull, other than as shown for lifting/carrying. She can frequently reach, handle, finger, and feel with the bilateral upper extremities. She should avoid concentrated exposure to vibrations, hazardous machinery, and working at unprotected heights.

**Step four**: Plaintiff can perform past relevant work as a dental hygienist.

AR 36-44.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

2005).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla.  It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by discounting her testimony and a medical opinion.  Plaintiff also argues that evidence submitted for the first time to the Appeals Council undermines the ALJ's decision and requires remand.[3]  The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

**A.      The ALJ Erred in Discounting Plaintiff's Testimony**

The ALJ summarized Plaintiff's allegations and explained that he discounted them because there were many normal objective physical findings in the record, providers described

---

[3] In light of the disposition of this case (a remand for a finding of disability), the Court need not address whether the Appeals Council evidence warrants remand for further proceedings.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 3

1   Plaintiff as in "no acute distress," and Plaintiff treated her physical conditions conservatively
2   (with massage and physical therapy).  AR 40.  The ALJ also discounted Plaintiff's allegation of
3   disability in light of her ability to continue working part-time as a dental hygienist until the
4   beginning of the pandemic, and her receipt of unemployment benefits since the start of the
5   pandemic.  AR 41.  Lastly, the ALJ found Plaintiff's allegations to be inconsistent with
6   Plaintiff's robust physical activities such as snow skiing, waterskiing, swimming, biking,
7   running, spinning, and traveling to Ireland.  AR 41-42.  The ALJ also noted that she had reported
8   an ability to lift no more than 10 pounds, but told a provider in December 2019 that she had
9   carried heavy boxes of tile to her car.  AR 42 (citing AR 534).

10         Plaintiff argues that the ALJ's reasons to discount her testimony are not clear and
11  convincing, as required in the Ninth Circuit.  *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th
12  Cir. 2014).  The Court agrees.  The ALJ's reference to normal objective findings does not
13  contradict Plaintiff's allegations of specific functional limitations.  Normal range of motion,
14  motor strength, and gait, for example, have no bearing on Plaintiff's allegations of an inability to
15  perform repetitive manipulative activities in a seated position for more than two hours per day.
16  *See* AR 40, 60-62.  Furthermore, that providers described Plaintiff as in "no acute distress" does
17  not constitute an inconsistency with her complaints of chronic pain, particularly because those
18  same providers often referenced Plaintiff's pain in other parts of the treatment notes.  *See, e.g.*,
19  AR 428-29, 529-31, 536-37.

20         The ALJ also erred in discounting Plaintiff's allegations because she had only treated her
21  symptoms conservatively.  Specifically, the ALJ emphasized that Plaintiff did not use pain
22  medications to treat her chronic pain (AR 40), but failed to acknowledge that she testified that
23  she had tried muscle relaxants and steroid injections in the years before her alleged onset for her

ORDER REVERSING THE COMMISSIONER'S
DECISION - 4

symptoms, but they did not offer much help and/or caused intolerable side effects. *See* AR 57-58 (hearing testimony), 399 (treatment note describing treatments Plaintiff had used, unsuccessfully, to treat her pain). The ALJ did not point to any evidence in the record suggesting that other, more intense treatment had been recommended. For all of these reasons, the ALJ was unreasonable in finding that Plaintiff's course of treatment undermined her allegations.

The ALJ was also unreasonable in finding that Plaintiff's part-time work as a dental hygienist undermined her allegation of an inability to work full-time, because Plaintiff explained at length how she had attempted to work multiple modified work schedules to control her pain and eventually found a job allowing her to work less than full days one or two days per week. *See* AR 58-61. Plaintiff's very limited, part-time work is not inconsistent with any of her allegations, nor does it demonstrate the ability to work full-time, and thus the ALJ erred in relying on this activity as a reason to discount Plaintiff's testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

The other activities cited by the ALJ (snow skiing, waterskiing, biking, swimming, walking, spinning, carrying heavy boxes on one occasion, sitting on a flight to Ireland) do not reasonably contradict Plaintiff's allegations, either. Plaintiff alleged functional limitations related to working as a dental hygienist, specifically when seated with arms bent at the elbows and performing manipulative activities on a repetitive basis. *See* AR 60-64. None of the physical activities listed by the ALJ generally involve that type of motion, and there is no evidence that Plaintiff performed any of these activities in a manner similar to her work as a dental hygienist. Plaintiff was asked about her ability to perform these activities at the administrative hearing (AR 60-64), and the ALJ did not address her explanation in the decision.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 5

Because the record indicates that Plaintiff's physical activities, although strenuous, do not contradict her allegations, the ALJ erred in relying on these activities as a basis for discounting her testimony. *See Orn*, 495 F.3d at 639.

Because the ALJ failed to provide legally sufficient reasons to discount Plaintiff's testimony, the Court finds that the ALJ erred in assessing her testimony.

### B. The ALJ Erred in Discounting Medical Opinion Evidence

In October 2018, Hayden Hamilton, M.D., examined Plaintiff and wrote a narrative report describing her symptoms and limitations. AR 410-15. In relevant part, Dr. Hamilton indicated that Plaintiff could lift/carry less than 10 pounds, stand/walk for four out of eight hours in a workday, sit for six out of eight hours in a workday, and occasionally perform manipulative activities. AR 414-15. The ALJ found this opinion unpersuasive because Dr. Hamilton's many normal examination findings did not corroborate his conclusions. AR 42-43. The ALJ also noted that Dr. Hamilton did not have the opportunity to review any of the medical records that post-date the alleged onset of disability, and that those records also failed to corroborate Dr. Hamilton's conclusions. AR 43. Lastly, the ALJ found that Dr. Hamilton's opinion was inconsistent with Plaintiff's activities, namely waterskiing, snow skiing, biking, running, and swimming, as well as her September 2018 trip to Ireland that involved walking up to 10 miles per day. AR 43.

In assessing Plaintiff's 2019 application for benefits, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c). The Commissioner argues that the regulations promulgated in 2017 changed the legal standards previously articulated by the Ninth Circuit. *See* Dkt. 12 at 12. Under current Ninth Circuit

ORDER REVERSING THE COMMISSIONER'S
DECISION - 6

precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standards for the review of medical opinions. It is not, in any event, clear that the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations would differ in any significant respect. The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain legitimate. *See Thomas S. v. Comm'r of Social Sec.*, No. C20-5083 RAJ, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020). The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

Plaintiff raises several challenges to the ALJ's assessment of Dr. Hamilton's opinion. First, Plaintiff argues that the ALJ erred in pointing to various normal findings found in Dr. Hamilton's report as well as other parts of the record as failing to support Dr. Hamilton's conclusions, because Dr. Hamilton explicitly based his conclusions on Plaintiff's chronic neck pain with radicular symptoms, anterolisthesis, bilateral neural foraminal stenosis, loss of disc height, disc osteophyte complexes, impaired sensation in the right arm, and impaired hearing. AR 414-15. The ALJ acknowledged that Dr. Hamilton documented impaired sensation in Plaintiff's right arm, but cited other normal findings as to neck rotation, range of motion, straight leg raising, Spurling's test, motor strength, and gait. AR 43. As explained in the prior section, *supra*, the Court agrees with Plaintiff that these normal findings do not pertain to the bases for

Dr. Hamilton's conclusions, particularly as to his opinion regarding Plaintiff's ability to manipulate, and thus do not demonstrate that Dr. Hamilton's opinion is unsupported.

Plaintiff's activities also fail to constitute a basis for discounting Dr. Hamilton's opinion because, as explained *supra*, Plaintiff's activities were either generally not inconsistent or were not performed in a manner inconsistent with the limitations Dr. Hamilton described. Waterskiing, snow skiing, biking, running, and swimming are indeed strenuous activities, but do not necessarily contradict the limitations Dr. Hamilton described, and even Plaintiff's 10-mile walk in Ireland is not necessarily inconsistent with the four hours of walking per day that Dr. Hamilton indicated she could perform. AR 43. Accordingly, the ALJ erred in relying on Plaintiff's activities as a reason to discount Dr. Hamilton's opinion.

For these reasons, the ALJ erred in discounting Dr. Hamilton's opinion as unsupported and inconsistent with the record.

### C. The Court Remands This Matter for a Finding of Disability

Plaintiff asks the Court to remedy the ALJ's errors via remand for a finding of disability. Dkt. 10 at 18-19. The Ninth Circuit has instructed that three requirements must be met before remanding a case for a finding of disability. First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must conclude "'the record has been fully developed and further administrative proceedings would serve no useful purpose.'" *Id*. In so doing, the Court considers the existence of "'outstanding issues'" that must be resolved before a disability determination can be made. *Id*. (quoting *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014)). Third, the Court must conclude that, "'if the improperly

discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Id*. (quoting *Garrison*, 759 F.3d at 1021).

In this case, the first requirement is met because the ALJ improperly discounted Plaintiff's testimony and Dr. Hamilton's opinion, as discussed *supra*. The second requirement is also met because there are no conflicts or outstanding issues that must be resolved prior to making a finding of disability. Plaintiff's testimony and Dr. Hamilton's opinion describe a restriction to occasional manipulative activities, which would prevent Plaintiff from performing her past work. AR 61-62, 67, 414-15. The record does contain State agency opinions (AR 73-82, 84-95) indicating that Plaintiff had the ability to manipulate on an at least frequent basis, which would permit her to perform her past work, but the ALJ's assessment of those opinions contains the same reasoning found erroneous with respect to Plaintiff's testimony and Dr. Hamilton's opinion. *See* AR 42 (finding the State agency opinions consistent with the benign physical examination findings as well as Plaintiff's ability to ski, bike, and run). Thus, the ALJ's errors in assessing the longitudinal medical evidence as well as Plaintiff's activities infect the entire decision, and the Court finds that none of the evidence, when properly assessed, indicates that Plaintiff can perform her past work. The second requirement has thereby been satisfied.

The Court now turns to the third step in the remand determination, and finds that if Plaintiff's testimony and Dr. Hamilton's opinions are credited and Plaintiff is unable to perform her past work, a finding of disability would follow due to the operation of the Medical-Vocational Guidelines. The Medical-Vocational Guidelines present a short-hand method for determining the availability and numbers of suitable jobs for claimants, addressing factors relevant to a claimant's ability to work, such as age, education, and work experience. *See* 20 C.F.R. Pt. 404, Subpt. P, App 2. A person of Plaintiff's age, with no transferable job skills (AR

ORDER REVERSING THE COMMISSIONER'S
DECISION - 9

68-69) and a remote college education, who cannot perform her past work and is limited to performing other sedentary or light work is disabled under the Medical-Vocational Guidelines. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 201.06, 202.06.

The Commissioner did not present any opposition to this line of Plaintiff's argument, but argued that the Court should find that Plaintiff's activities, treatment history, and many normal findings raise serious doubt as to whether she is disabled. Dkt. 12 at 18. That evidence does not suggest that Plaintiff can either perform frequent manipulative activities or in fact falls under a different Medical-Vocational rule (*i.e.* is capable of performing medium work). Because the ALJ's finding of non-disability hinges on Plaintiff's ability to perform her past work as a dental hygienist, evidence that suggesting that Plaintiff retains abilities that could be utilized in other light jobs does not raise serious doubts as to Plaintiff's eligibility for benefits under the application of the Medical-Vocational Guidelines.

Because all of the Ninth Circuit's requirements for this remedy have been satisfied, and the Court finds that the record does not raise serious doubts as to Plaintiff's eligibility for benefits, the Court remands this case for a finding of disability.

**CONCLUSION**

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for a finding of disability under sentence four of 42 U.S.C. § 405(g).

Dated this 31st day of January, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER'S
DECISION - 10